Filed 5/30/24  P. v. Jackson CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B331746 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA063472) |
| v. | |
| MICHAEL JACKSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Carol J. Najera, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

This case, arising from an incident in 2001, has a long and complex procedural history, with several appeals and retrials. (See *People v. Jackson* (Sept. 29, 2003, B160746) [nonpub. opn.]; *People v. Jackson* (Dec. 27, 2005, B177201) [nonpub. opn.], sub. opn. (Jun. 13, 2013, B177201) [nonpub. opn.]; *People v. Jackson* (Mar. 21, 2016, B259024) [nonpub. opn.]; *People v. Jackson* (Nov. 8, 2021, B310720) [nonpub. opn.].)

Defendant was convicted by a jury of two counts of robbery and two counts of false imprisonment, with firearm and prior conviction enhancements and is serving a 40-year prison sentence.

In May 2023, defendant filed in propria persona a motion to correct and supplement the postconviction record and his preconviction probation report pursuant to Penal Code section 1203.01. The trial court found the motion untimely because defendant did not seek relief immediately after his conviction and sentencing. The court summarily denied the motion without a hearing.

Defendant timely appealed. In his opening brief, defendant requests the denial be reversed and the matter remanded for a hearing on the merits of his motion. Defendant says he seeks relief only as to his request to supplement the postconviction record pursuant to Penal Code section 1203.01 and is not raising any claim as to his request to correct the probation report.

Respondent agrees that reversal and remand for a hearing on the merits is appropriate.

In *People v. Crites* (2022) 77 Cal.App.5th 494 (*Crites*), the defendant, who was not a youthful offender, contended the trial court had jurisdiction under Penal Code section 1203.01, subdivision (a), as interpreted by *In re Cook* (2019) 7 Cal.5th 439,

2

to consider his motion to correct information in his probation report.  (*Crites,* at p. 497.)  *Crites* agreed and reversed the trial court's denial, notwithstanding the fact that Crites's conviction had been final for over 40 years.  (*Id.* at p. 496.)

In so holding, *Crites* explained, "In *Cook*, the court held that a juvenile offender who is eligible for a youthful offender parole hearing but who was sentenced before the change in the law and thus was unable to provide the supplemental information contemplated in *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) may file a motion pursuant to section 1203.01 requesting 'an evidence preservation proceeding as envisioned in *Franklin*.'  [Citation.]  [*Cook*] explained that section 1203.01 authorizes the trial court to create a postjudgment record for the benefit of the Department of Corrections and Rehabilitation but does not require that 'statements by the judge and prosecutor should be filed "[i]mmediately after judgment has been pronounced." '  [Citation.]  Indeed, as the court observed, 'There is no indication . . . that the statute's requirement deprives the court of authority to act at a later time.'  [Citation.]  The court concluded, 'Penal Code section 1203.01, augmented by the court's inherent authority to craft necessary procedures under Code of Civil Procedure section 187, authorizes it to preserve evidence as promptly as possible for future use by the Board [of Parole Hearings].' "  (*Crites*, *supra*, 77 Cal.App.5th at pp. 497-498, fn. omitted.)

*Crites* reasoned that *Cook* "does not carve out an exception for youthful offenders but instead relies on the plain language of section 1203.01 in finding authority for the motion.  We see no reason why that holding would not apply in the present situation."  (*Crites*, *supra*, 77 Cal.App.5th at p. 499.)

The same analysis applies here. Remand for a hearing on the merits is warranted.

## DISPOSITION

The order denying defendant Michael Jackson's motion to supplement the postconviction record pursuant to Penal Code section 1203.01 is reversed and the matter remanded to the superior court for a hearing on the merits.


GRIMES, J.


WE CONCUR:



STRATTON, P. J.



WILEY, J.

4